[No. 14396. In Bank.—March 24, 1891.]

A. C. RUGGLES ET AL., PETITIONERS, v. BOARD OF TRUSTEES OF THE CITY OF WOODLAND, RESPONDENTS.

MUNICIPAL INCORPORATION ACT — CONSTRUCTION — LIMITATION OF PROVISO — CITIES OF FIFTH CLASS — ELECTION OF TRUSTEES — TERM OF OFFICE OF FIRST BOARD. — Section 752 of the general municipal incorporation act, approved March 13, 1883, providing for the election of officers of cities of the fifth class on the second Monday in April in each odd-numbered year, and that the members of the board of trustees are to hold for four years, and until their successors are elected, and containing a proviso that the first board of trustees "elected under the provisions of this act shall at their first meeting so classify themselves by lot as that three of their number shall go out of office at the expiration of two years, and two at the expiration of four years," must be so construed as to be in harmony with section 4 of the act providing that the trustees elected

at the first election are to hold only till the next municipal election, and until their successors are elected and qualified; and the words "this act," in the proviso appended to section 752, must be read "this section" or "this chapter," to accord with the evident intention of the legislature, and to reconcile the conflict.

APPLICATION to the Supreme Court for a writ of *mandamus*. The facts are stated in the opinion of the court.

*J. H. Magoffey*, for Petitioners.

*Charles W. Thomas*, for Respondents.

BEATTY, C. J.— *Mandamus* to compel the respondents to call and provide for the holding of an election of city officers.

Prior to May 6, 1890, the city of Woodland, in Yolo County, was a municipal corporation under a special charter. On that date a proposition to reorganize as a city of the fifth class, under the general incorporation act, approved March 13, 1883, was duly submitted to the electors of said city, and approved by a majority vote.

Thereafter, on June 16, 1890, at a special election held in obedience to the provisions of section 4 of said act, the respondents and other city officers enumerated in section 751, i. e., the officers of a city of the fifth class, were duly elected, and have ever since been acting as such.

The petitioners, who are citizens, tax-payers, and electors of said city, have demanded that the respondents call a general city election to be held on the second Monday of April, 1891, for the choice of successors to themselves and the other officers enumerated in section 751; but the respondents, on March 9, 1891, by formal resolution entered upon their minutes, refused to call such election, whereupon this proceeding was commenced.

It is proper to say that this refusal of the respondents to call an election for the choice of their successors does not appear to have been inspired by any wish to prolong

their own tenure of office beyond the term fixed by law, but only by the desire to secure an authoritative construction of two apparently conflicting provisions of the statute, in order that the city may proceed regularly and lawfully under its new charter.

By section 4 of the act referred to, it is provided that the officers chosen at the special election, to be held within six weeks after the vote in favor of reorganization is declared, shall hold their respective offices "*only* until the next general municipal election to be held in such city and county, city, or town, and until their successors are elected and qualified."

By section 752 of said act it is provided that all the elective officers of cities of the fifth class shall be chosen at a general municipal election to be held therein on the second Monday in April in each odd-numbered year. The marshal, assessor, etc., are to hold their offices for two years from and after the Monday following the day of their election, and the members of the board of trustees are to hold for four years from and after the same date, and until their successors are elected and qualified.

So far all the provisions of the statute are perfectly consistent, and unqualifiedly support the contention of petitioners, that an election must be held on the second Monday of April of this year.

But section 752 contains a proviso that the first board of trustees "*elected under the provisions of this act* shall at their first meeting so classify themselves by lot as that three of their number shall go out of office at the expiration of two years, and two at the expiration of four years."

It cannot be denied that the respondents are embraced by the terms of this proviso, for unquestionably they are the first board of trustees elected under the provisions of this act. But if the proviso is construed literally, it is directly in conflict with the provision of

section 4, that the trustees elected at the first (the special) election are to hold only till the next general municipal election, and until their successors are elected and qualified.

To reconcile this conflict, and to render the various provisions of the act sensible and coherent, it is necessary, in place of the words "this act," in the proviso, to read "this section" or "this chapter." And this accords with the evident intention of the legislature, which was, that all the elective officers of the city should be chosen at the same time, and enter upon their respective offices at the same time. As to all other officers except members of the boards of trustees, education, etc., there is no doubt that they must be elected on the second Monday of April of the odd-numbered years, and hold their respective offices for two years from the following Monday. We think it clear that the trustees (except those drawing the short term after the first general election, and those elected provisionally at the special election) are to hold four years from the same date.

From these views, it follows that a peremptory writ should issue as prayed.

So ordered.

DE HAVEN, J., MCFARLAND, J., PATERSON, J., SHARPSTEIN, J., GAROUTTE, J., and HARRISON, J., concurred.